MEMORANDUM **
Gregory Grantham and John Saba secured a default judgment against Senior Care Industries, Inc. and its principals and sought in bankruptcy court to enforce it against Flamingo 55, Inc., Senior Care’s wholly-owned subsidiary. Although neither Grantham nor Saba had any contractual arrangements or other direct relationships with Flamingo 55, they argued for relief based on “reverse veil-piercing” of Flamingo 55’s corporate form. The bankruptcy court denied the claim. We affirm.
The bankruptcy court properly looked to state law to determine whether it should permit “reverse piercing.” See SEC v. Hickey, 322 F.3d 1123, 1128 (9th Cir.2003). Nevada allows such piercing “in certain limited circumstances ... to recover an individual debt from, the assets of a corporation determined to be the alter ego of the individual debtor.” See LFC Mktg. Group, Inc. v. Loomis, 116 Nev. 896, 8 P.3d 841, 843 (2000). Piercing the corporate cloak is appropriate, however, only “where the particular facts and equities ... require that the corporate fiction be ignored so that justice may be promoted.” Id. at 846. In furtherance of that standard, Nevada courts examine the parties’ reasonable expectations and reliance. See id. at 847 (noting that courts must look to the equities of other parties such as shareholders and other creditors to determine whether they might be harmed if the corporate form is ignored); In re Twin Lakes Village, Inc., 2 B.R. 532, 542 (Bankr.D.Nev.1980) (applying the reasonable reliance standard to a judgment creditor’s quest to pierce the corporate veil).
Applying that standard, the bankruptcy court noted that the reasonable ex *458 pectation of Grantham and Saba in obtaining their judgment “lie in the availability of the assets” of Senior Care and that Grantham and Saba have already realized that expectation, because, “[b]y diverse means, they are now holders of all of [Senior Care’s] equity interest in Flamingo 55.” The court reasoned that Grantham and Saba “also want to be the most senior creditor” of Flamingo 55 and that such a result would “disturb and destroy” the reasonable and legitimate expectations of the other creditors who expect to be “paid first from Flamingo 55’s assets.”
We agree with the bankruptcy court’s interpretation of state law and agree with its application of the reasonable reliance standard. Although Grantham and Saba submitted substantial evidence of control, unity of interest, and the lack of corporate formalities that might ordinarily support an alter ego determination, Nevada law also requires an analysis of the expectation and reasonable reliance of the individuals and entities that would be affected by the court’s decision to pierce the corporate veil. The bankruptcy court correctly concluded that Grantham and Saba failed to carry their burden on this element because their expectation as a judgment creditor of the parent corporation should be to recover the equity interests that remain of the subsidiary. corporation after its creditors are paid.
Finally, we reject Grant-ham/Saba’s argument that the California judgments should be construed as establishing the requisite alter ego status and should be accorded res judicata effect by the bankruptcy court. The bankruptcy court properly rejected that contention because Flamingo 55 was not a party to those actions and thus did not have the opportunity to dispute the issues. We also reject Grantham/Saba’s contention that the bankruptcy court should be estopped from denying relief because it granted a motion to consolidate these cases based on an alter ego relationship. The record indicates the motion to consolidate was filed by a creditor who asserted only that Flamingo 55 and Vegas Townhouses are alter egos of each other. By ordering consolidation, the bankruptcy court did not find that Flamingo 55 was an alter ego of Senior Care or its principals.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.